IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:

ROBERT LEE GIBSON,

          Debtor.

Filed / Docketed
March 30, 2010

Case No. 09-12646-M
Chapter 7

## MEMORANDUM OPINION

"Possession is nine tenths of the law."[1] An old idiom, one familiar to most. But does it apply when the party in possession quitclaims all of his interests in the property to his spouse? In this case, the debtor says yes, the trustee and creditors say no, and all parties leave the matter for the Court to decide. The following findings of fact and conclusions of law are made pursuant to Bankruptcy Rule 7052, which is made applicable to this contested matter by Bankruptcy Rule 9014.

### Jurisdiction

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C.A. § 1334(b).[2] Reference to the Court of the bankruptcy case is proper pursuant to 28 U.S.C.A. § 157(a). Disputes regarding the validity of a claimed exemption are core proceedings as defined by 28 U.S.C.A. § 157(b)(2)(B).

### Findings of Fact

At issue is a house and ten acres located in Tulsa County, Oklahoma (the "Property"). Robert Lee Gibson ("Debtor" or "Mr. Gibson") and his wife, Barbara Jean Gibson ("Mrs. Gibson"), reside at the Property. Prior to March 2009, the Property was jointly titled in the names of Debtor and Mrs. Gibson. Sometime in March of 2009, Debtor and Mrs. Gibson executed a quitclaim deed

---

[1] Taken from a compendium of idioms found at www.goenglish.com/Idioms.

[2] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C.A. § 101 *et seq*.

in favor of Mrs. Gibson.[3] Debtor remained in the Property notwithstanding the execution of the quitclaim deed.

On August 27, 2009, Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. Scott P. Kirtley ("Kirtley") is the duly appointed trustee in the case. Debtor listed the Property in his schedules, noting that Mrs. Gibson was the "record holder of title on the [Property]."[4] Debtor has claimed the Property as his exempt homestead, relying upon the fact that he resides there with his wife. Kirtley has objected to the claimed exemption. Two creditors, Mark and Tami Webster, have joined in the objection.

### Burden of Proof

The burden of proof is upon the objecting parties, Kirtley and the Websters, to show by a preponderance of the evidence that an exemption is not properly claimed.[5] The homestead exemption statute should be liberally construed in favor of debtors to allow for the protection of the family and their home.[6] The existence and extent of a homestead are questions for the trier of fact.[7]

### Conclusions of Law

Pursuant to § 522 of the Bankruptcy Code, a debtor may exempt certain property from the bankruptcy estate. In a Chapter 7 bankruptcy case, all exemption entitlements (including that of

---

[3] The Court has no evidence regarding the circumstances under which Debtor executed the quitclaim deed. Although provided with an opportunity to do so, the parties chose not to present evidence on this issue.

[4] *Docket No. 25* at 7.

[5] *See* Fed. R. Bankr. P. 4003(c); *In re Hodes*, 402 F.3d 1005, 1010 (10th Cir. 2005).

[6] *See In re Martin,* 875 P.2d 417, 421-22 (Okla. 1994).

[7] *In re Kretzinger,* 103 F.3d 943, 946 (10th Cir. 1996).

homestead) are determined as of the date the case is filed.[8] Oklahoma has chosen to opt out of the federal exemption scheme, limiting the exemptions available in bankruptcy cases to those allowed under state law.[9] Oklahoma law provides for the following homestead exemption:

> A. Except as otherwise provided in this title and notwithstanding subsection B of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:
>
> 1. The home of such person, provided that such home is the principal residence of such person;[10]

Debtors are entitled to exempt one homestead per family.[11] The effect of a valid exemption is to take the property at issue and remove it from the bankruptcy estate, thereby placing it beyond the reach of creditors. Non-exempt property remains part of the bankruptcy estate, and may be liquidated by a chapter 7 trustee in order to pay creditors.

It is axiomatic that in order to remove property from a bankruptcy estate, the property must first be property of the bankruptcy estate. The Court finds the case of *In re Hart* instructive.[12] In *Hart*, Mr. Hart purchased a home, which he later transferred to himself and his wife. Ultimately Mrs. Hart quitclaimed her interest in the property back to Mr. Hart. Mr. Hart then granted a real estate mortgage to a third party, defaulted on the mortgage, and then executed a deed in lieu of foreclosure in favor of the mortgagee. The wife refused to vacate the house, filed bankruptcy and

---

[8] *See Mansell v. Carroll*, 379 F.2d 682, 684 (10th Cir. 1967); *see also In re Klaus,* 228 B.R. 475, 478 (Bankr. N.D. Okla. 1999).

[9] *See* § 522(b)(1); *see also* Okla. Stat. Ann. tit. 31, § 1(B) (West 2009).

[10] Okla. Stat. Ann. tit. 31, § 1(A)(1) (West 2009).

[11] *See Glaze v. Drawver*, 117 P.2d 544, 546 (Okla. 1941).

[12] 332 B.R. 439 (D. Wyo. 2005) (hereafter "*Hart*").

claimed the house as exempt. The mortgagee objected, and the bankruptcy court denied the claimed exemption. The district court affirmed, noting that

> [i]t is important to understand that "Section 522(b) provides that the debtor may exempt certain property 'from property of the estate'; obviously, then, an interest that is not possessed by the estate cannot be exempted." *Owen,* 500 U.S. at 308, 111 S.Ct. at 1835 ("An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor."). Thus, "[n]o property can be exempted ... unless it first falls *within* the bankruptcy estate." *Id.* (emphasis in original); *see also Naqvi v. Fisher,* 192 B.R. 591 (D.N.H.1995) ("Property cannot be exempted from the estate, however, unless that property is first made part of the bankruptcy estate. Simply put, an interest that is not part of the bankruptcy estate cannot be exempted from it.").[13]

This Court agrees that a debtor cannot rely upon a claim of exemption to remove property from a bankruptcy estate unless that property *is* property of the bankruptcy estate.

Under Oklahoma law, the execution of a quitclaim deed divests the grantor of all right, title and interest in the property conveyed.[14] Debtor admits that he quitclaimed any and all of his interest in the Property to Mrs. Gibson prior to the filing of the bankruptcy case, thereby divesting himself of any and all interest in the Property. As a result, when Debtor sought bankruptcy protection, the Property did not become property of the bankruptcy estate. He is therefore not entitled to a claim of exemption in the Property.[15]

Debtor relies upon a decision of the Oklahoma Supreme Court that recognized the ability of

---

[13] *Id.* at 443.

[14] Okla. Stat. Ann. tit. 16, § 18 (West 1999 & Supp. 2006); *Anchor Stone & Material Co. v. Pollok*, 344 P.2d 559, 561 (Okla. 1959).

[15] The Court is aware that Kirtley has filed an adversary proceeding seeking to set aside the quitclaim deed executed by the Debtor to Mrs. Gibson as a fraudulent conveyance. *See Adv. Proc. 10-1037-M, Scott P. Kirtley, Trustee, Plaintiff v. Barbara Jean Gibson, Defendant.* Nothing in this decision is intended to or should be construed as having any preclusive effect upon said adversary proceeding.

a homestead claim to extend to interests in real estate other than fee simple ownership. In that case, the court stated that

> Homestead rights may attach to any possessory interest in real estate which constitutes the dwelling place of the family regardless of the nature or character of the title or of the estate therein. Naked possession without any title or interest whatsoever *may*, under *some* circumstances, be sufficient as against all the world except the true owners and those claiming under them.[16]

This pronouncement is not universal: the Oklahoma Supreme Court expressly noted that mere possession of real estate is not always a sufficient basis for the creation of a homestead claim but may be sufficient, "under *some* circumstances." The circumstances of this case do not support his claim of exemption. Debtor voluntarily relinquished all right, title and interest in the property when he executed the quitclaim deed to his wife. As he did so, he also relinquished his right to claim the Property as his homestead.

**[BALANCE OF PAGE INTENTIONALLY LEFT BLANK]**

---

[16] *Van Meter v. Field*, 159 P.2d 546, 549 (Okla. 1945) (emphasis added).

## Conclusion

The objection to Debtor's claim of homestead exemption in the Property is sustained. Debtor may not claim the Property as exempt on the basis that he continues to reside therein. A separate judgment in accordance with this Memorandum Opinion is entered concurrently herewith.

Dated this 30th day of March, 2010.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

5836.2